JONES DAY
Daniel T. Moss (Va. Bar No. 91974)
J. Ryan Sims (Va. Bar No. 91076)
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel:  (202) 879-3794
Fax: (202) 626-1700

Bruce Bennett (admitted *pro hac vice*)
Michael Schneidereit (admitted *pro hac vice*)
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | ) ) | Case No. 18-31429 (KLP) |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) ) ) | Chapter 11 |
| Debtors | ) ) ) | (Jointly Administered) |

-------------------------------------------------------------------- X

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ESTABLISH GUIDELINES FOR THE SHARING OF INFORMATION WITH UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-

captioned cases hereby seeks the entry of an order, pursuant to sections 1102(b)(3) and 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), establishing protocols with respect to

---

[1]     The case numbers for the affiliated debtors Toys "R" Us Property Company I, LLC, MAP Real Estate, LLC, TRU 2005 RE I, LLC, TRU 2005 RE II Trust, Wayne Real Estate Company, LLC, and Wayne Real Estate Holding Company, LLC (collectively, the "Propco I Debtors"), along with the last four digits of each Propco I Debtor's federal tax identification number, are set forth in the Propco I Debtors' *Motion for Entry of an Order (I) Directing Joint Administration of the Propco I Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 3].

the Committee's sharing of information with unsecured creditors that are not members of the Committee and determining that the Committee has no obligation to provide confidential or privileged information to such non-members. A proposed form of order is attached hereto as Exhibit A. In support of this Motion, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On May 23, 2018, the Office of the United States Trustee for the Eastern District of Virginia appointed the Official Committee of Unsecured Creditors (the "Committee") for Toys "R" Us Property Company I ("Propco I") and its co-debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned cases. *See* Docket No. 146. The Committee consists of the following five members: (1) Cantor Fitzgerald Securities; (2) DDR Corp.; (3) Empyrean Investments, LLC; (4) GGP Limited Partnership; and (5) Glendon Capital Management, LP (each, a "Member").

### A. Committee By-Laws and Confidentiality Provisions

3.      The Committee has adopted by-laws under which the Members each agree to keep confidential the following categories of information (collectively, the "Confidential Material"):

- Confidential Debtor Information: non-public information, documents, communications and matters of whatever nature and kind disclosed to the Committee or its representatives

by or on behalf of the Debtors, whether in writing or orally or in any other format, and designated or marked as confidential by the Debtors;

- Privileged Information: information or documents generated by the Committee, or by any of the Committee's professionals, or by any Member or counsel to any Member for the use of the Committee; and

- Confidential Communications: communications among Members in their capacity as such and communications among Committee professionals and the Committee, including information regarding specific positions taken by Members.

4.     The confidentiality obligations under the By Laws are subject to certain exceptions and carve-outs.  For example, Confidential Debtor Information may be disclosed in compliance with an agreement between the Committee and the Debtors, or by order of the Bankruptcy Court. Likewise, Privileged Information or Confidential Communications may be disclosed if consented to by a majority of Members.

**RELIEF REQUESTED**

5.     By way of this Motion, the Committee seeks an order that sets forth reasonable protocols, consistent with Section 1102(b)(3) of the Bankruptcy Code, for the sharing of information with unsecured creditors that are not Members, but does not obligate the Committee to share Confidential Material with non-Members.  The relief requested herein is substantially the same as the relief granted in *In re Toys "R"Us, Inc., et al.*, Case No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 19, 2017).  *See Order Approving Motion of the Official Committee of Unsecured Creditors to (A) Clarify Requirement and Establish Information Sharing Procedures and (B) Obtain Related Relief* [Docket No. 1376 in Case No. 17-34665 (KLP)].

6.     The Committee thus proposes the following information sharing procedures (the

"Procedures"):

a.   Access to Information.

i.   Website: The Committee proposes to retain Kurtzman Carson Consultants

LLC ("KCC")[2] to establish and maintain a website (the "Website") that

will be updated with pertinent publically-available case information as the

Committee deems appropriate in its reasonable judgment, including,

without limitation:

1.   a link or other form of access to the court docket and claims

register available at the Debtor's website at

https://cases.primeclerk.com/toyspropcoI

2.   the posting of significant dates in these cases;

3.   an email address or link for the Debtors' unsecured creditors to

submit questions, comments, and requests for access to

information;

4.   links to relevant bankruptcy websites; and

5.   the names and related contact information for the Debtors and the

Committee and their respective counsel.

ii.   Scheduled Calls.  The Committee proposes to schedule calls open to

general (non-Member) unsecured creditors, insofar as deemed necessary

in the discretion of the Committee, to provide updates on significant

---

[2] The Committee has contemporaneously filed with this motion the *Application for an Order (I) Authorizing the Official Committee of Unsecured Creditors to Retain and Employ Kurtzman Carson Consultants LLC as Informative Agent, Nunc Pro Tunc to May 23, 2018 and (II) Granting Related Relief.*

Case 18-31429-KLP   Doc 283   Filed 06/29/18   Entered 06/29/18 17:28:23   Desc Main
Document     Page 5 of 22

developments in the chapter 11 cases.  The Committee intends to provide

a link on the Website for unsecured creditors to sign up for such update

calls.  Only verified creditors holding unsecured claims against the

Debtors shall be permitted to listen to or participate in such calls.

b.  <u>Non-Disclosure of Confidential Material</u>.  The Committee will have no obligation

to disclose Confidential Material to any unsecured creditor that is not a Member.

c.  <u>Creditor Information Requests</u>.  Utilizing their reasonable discretion, the

Committee or counsel for the Committee will respond to each written (including

electronic mail) or telephonic inquiry or request for information or documents

(each, an "<u>Information Request</u>") received from an unsecured creditor of the

Debtors ( "<u>Requesting Creditor</u>") within 30 days of receipt.  Such response will

either provide the Requesting Creditor with access to the requested information or

explain why the Committee will not provide the information or documents

included in the Information Request.

d.  <u>Denial of Informational Request</u>.  If the Committee determines that it is unable to

provide information or documents to a Requesting Creditor, such Requesting

Creditor may seek to meet and confer (a "<u>Meet and Confer</u>") with an authorized

representative of the Committee or Committee counsel to discuss the denial of the

Information Request and resolve any potential dispute relating to the denial.  If,

after the occurrence of a Meet and Confer, any dispute relating to an Information

Request remains unresolved, the Requesting Creditor may file a motion seeking to

compel the Committee to provide the information or documents included in the

Information Request for cause.  Any such motion must be served and the hearing

- 5 -

on such motion will be noticed and scheduled pursuant to the Bankruptcy Rules,

the local rules of this Court and any applicable case management order entered in

these chapter 11 cases.

e.  <u>Requesting Creditors' Compliance with Applicable Securities or Other Laws</u>.  To

the extent the Committee satisfies an Information Request, the Committee will

have no responsibility for any Requesting Creditor's compliance with, or liability

or violation of, applicable securities or other laws.

## **BASIS FOR RELIEF REQUESTED**

7.      Section 1102(b)(3) of the Bankruptcy Code provides:

(3) A committee appointed under subsection (a) shall—

(A) provide access to information for creditors who—

(i) hold claims of the kind represented by that committee; and
(ii) are not appointed to the committee;

(B) solicit and receive comments from the creditors described in
subparagraph (A); and

(C) be subject to a court order that compels any additional report or
disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

8.      Courts have recognized that Section 1102(b)(3) does not provide clear guidance as

to what precise information must be shared by a committee with non-committee members.  *See In*

*re Refco*, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006) (noting the "statute's ambiguity and unhelpful

legislative history").

9.      Despite this lack of guidance, the *Refco* court approved information sharing

procedures similar to those proposed in this motion on the basis that they struck an appropriate

balance between the need to protect sensitive or privileged information and comply with the

securities laws on the one hand, and the right of unsecured creditors to be informed of material

developments on the other hand.  As explained by the *Refco* court, interpreting Section 1102(b)(3)

so broadly as to require the disclosure of confidential or privileged information could undermine

the effective functioning of a committee.  *Id.* at 195.  The court in *Refco* ultimately concluded:

> [T]he balance has been achieved by not requiring in the first
> instance—that is, without further court order—the Committee's
> disclosure of information (a) that could reasonably be determined to
> be confidential and non-public or proprietary, (b) the disclosure of
> which could reasonably be determined to result in a general waiver
> of the attorney-client or other applicable privilege, or (c) whose
> disclosure could reasonably be determined to violate an agreement,
> order or law, including applicable securities laws. . . .

*Id.* at 197–98; *see In re MF Glob. Holdings Ltd.,* No. 11-15059 MG, 2012 WL 734195, at *5

(Bankr. S.D.N.Y. Mar. 6, 2012) (citing *Refco*); *In re S & B Surgery Ctr., Inc*., 421 B.R. 546, 549

(Bankr. C.D. Cal. 2009) (same).  Moreover, as noted by the court in *MF Global Holdings*,

protocols of the sort proposed in this Motion have "become commonplace in chapter 11 cases."

*MF Glob. Holdings*, 2012 WL 734195, at *5 (citing *In re Tronox Inc.,* No. 09–10156

(Bankr.S.D.N.Y Feb. 27, 2009) (ECF Doc. # 208); *In re Frontier Airlines Holdings, Inc.,* No. 08–

11298 (Bankr.S.D.N.Y June 3, 2008) (ECF Doc. # 315); *In re Dana Corp.,* No. 06–10354

(Bankr .S.D.N.Y. March 29, 2006) (ECF Doc. # 737);  *In re Mesa Air Grp.,* No. 10–10018

(Bankr.S.D.N .Y. Feb. 25, 2010) (ECF Doc # 365) and *In re Metaldyne Corp.,* No. 09–13412

(Bankr.S.D.N.Y. July 20, 2009) (ECF Doc. # 459)).  The protocols proposed in this Motion are

arguably even broader in scope than those implemented in the *Refco* case as they include a

proposed update calls that would be open to all of the Debtors' verified unsecured creditors.

　　　　10.　　The relief sought by way of this Motion is further authorized by Section 105(a) of

the Bankruptcy Code, which permits the court to "issue any order . . . that is necessary or

appropriate to carry out the provisions of this title."  11 U.S.C. §105(a).  In addition, section 107(b)

of the Bankruptcy Code and Bankruptcy Rule 9018 both provide the Court with the ability to

protect the confidential information described herein from disclosure.  11 U.S.C. §107(b); Fed. R.

Bankr. P. 9018.

### WAIVER OF MEMORANDUM OF POINTS AND AUTHORITIES

11.    As this Motion sets forth the relevant law, the Committee respectfully requests this

Court to treat this Motion as a written memorandum of points and authorities or waive any

requirement that a memorandum of law be filed as described in Local Bankruptcy Rule 9013-1(G).

### NOTICE

12.    The Committee will provide notice of this Application via first class mail and email

(where available) to: (a) the Office of the United States Trustee for the Eastern District of Virginia,

Attn: Robert B. Van Arsdale and Lynn A. Kohen; (b) the holders of the 30 largest unsecured claims

against the Propco I Debtors (on a consolidated basis); (c) DIP ABL Agent and the advisors and

counsel thereto; (d) DIP Taj Term Loan Agent and the advisors and counsel thereto; (e) DIP

Delaware Term Loan Agent and the advisors and counsel thereto; (f) the indenture trustee for the

TRU Taj 12.00% Senior Notes and the advisors and counsel thereto; (g) the administrative agent

for the prepetition Secured Revolving Credit Facility and the advisors and counsel thereto; (h) the

administrative agent for the prepetition Secured Term Loan B Facility and the advisors and counsel

thereto; (i) the prepetition administrative agent for the Propco I Unsecured Term Loan Facility and

the advisors and counsel thereto; (j) the agent for the Propco II Mortgage Loan and the advisors

and counsel thereto; (k) the agent for the Giraffe Junior Mezzanine Loan and the advisors and

counsel thereto; (l) the administrative agent for the prepetition European and Australian Asset-

Based Revolving Credit Facility ("Euro ABL") and the advisors and counsel thereto; (m) the

administrative agent for the Senior Unsecured Term Loan Facility and the advisors and counsel

thereto; (n) the indenture trustee for the Toys "R" Us Debtors' 7.375% Senior Notes and the advisors and counsel thereto; (o) the indenture trustee for the Toys "R" Us Debtors' 8.75% Unsecured Notes and the advisors and counsel thereto; (p) counsel to the ad hoc group of the Term B-4 Holders; (q) counsel to the Ad Hoc Committee of Taj Noteholders; (r) the monitor in the CCAA proceeding and counsel thereto; (s) the Toys "R" Us Debtors' Canadian Counsel, (t) the ad hoc group of lenders under that certain Credit Agreement, dated as of August 21, 2013 (the "Propco I Credit Agreement"); (u) Strategic Asset Services, LLC as a lender under the Propco I Credit Agreement; (v) Akin Gump Strauss Hauer & Feld LLP as counsel to Strategic Asset Services, LLC; (w) the Internal Revenue Service; (x) the office of the attorneys general for the states in which the Propco I Debtors operate; (y) the Securities and Exchange Commission; and (z) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

13.    No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

14.    WHEREFORE, The Committee respectfully requests that the Court (i) grant the Motion and enter the Order establishing information sharing protocols and (ii) grant any such further relief as it deems just and proper.

Richmond, Virginia
Dated:  June 29, 2018.                                    By:

                                                          */s/ Daniel T. Moss*
                                                          Daniel T. Moss (Va. Bar No. 91974)
                                                          J. Ryan Sims (Va. Bar No. 91076)
                                                          JONES DAY
                                                          51 Louisiana Avenue, N.W.
                                                          Washington, D.C. 20001
                                                          Tel: (202) 879-3794
                                                          Fax: (202) 626-1700
                                                          dtmoss@jonesday.com
                                                          rsims@jonesday.com

                                                          Bruce Bennett (admitted *pro hac vice*)
                                                          Michael Schneidereit (admitted *pro hac vice*)
                                                          JONES DAY
                                                          555 South Flower Street
                                                          Fiftieth Floor
                                                          Los Angeles, California 90071
                                                          Tel: (213) 489-3939
                                                          Fax: (213) 243-2539
                                                          bbennett@jonesday.com
                                                          mschneidereit@jonesday.com

                                                          *Proposed Counsel to the Official Committee of
                                                          Unsecured Creditors*

## CERTIFICATE OF SERVICE

        I hereby certify that, on June 29, 2018, a true and correct copy of the foregoing document
was served via email through the Bankruptcy Court's Electronic Case Filing System on the
parties that have consented to such service.

                                                          */s/ Daniel T. Moss*
                                                          Daniel T. Moss (Va. Bar No. 91974)
                                                          JONES DAY
                                                          51 Louisiana Avenue, N.W.
                                                          Washington, D.C. 20001
                                                          Tel: (202) 879-3794
                                                          Fax: (202) 626-1700
                                                          dtmoss@jonesday.com

## EXHIBIT A

**Proposed Order**

JONES DAY
Daniel T. Moss (Va. Bar No. 91974)
J. Ryan Sims (Va. Bar No. 91076)
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel:  (202) 879-3794
Fax: (202) 626-1700

Bruce Bennett (admitted *pro hac vice*)
Michael Schneidereit (admitted *pro hac vice*)
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 18-31429 (KLP) |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) ) ) | Chapter 11 |
| Debtors | ) ) ) | (Jointly Administered) |

------------------------------------------------------------------ X

## ORDER APPROVING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ESTABLISH GUIDELINES FOR THE SHARING OF INFORMATION WITH UNSECURED CREDITORS

Upon the motion (the "Order")[2] of the Official Committee of Unsecured Creditors (the

"Committee")[3] appointed in the above-captioned cases for entry of an order (this "Order"):  (a)

---

[1]    The case numbers for the affiliated debtors Toys "R" Us Property Company I, LLC, MAP Real Estate, LLC, TRU 2005 RE I, LLC, TRU 2005 RE II Trust, Wayne Real Estate Company, LLC, and Wayne Real Estate Holding Company, LLC (collectively, the "Propco I Debtors"), along with the last four digits of each Propco I Debtor's federal tax identification number, are set forth in the Propco I Debtors' *Motion for Entry of an Order (I) Directing Joint Administration of the Propco I Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 3].

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

establishing protocols with respect to the Committee's sharing of information with unsecured creditors that are not members of the Committee, (b) determining that the Committee has no obligation to provide confidential or privileged information to such non-members, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and this Court having found that it may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this court having found that the Committee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having hearing the statements in support of the relief requested herein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[3]      The members ("Members") of the Committee are (1) Cantor Fitzgerald Securities ("CFS"), as the administrative agent (the "Agent") under that certain Term Loan Credit Agreement, dated as of August 21, 2013 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), among Toys "R" Us Property Company I, LLC, as borrower, the lending institutions from time to time party thereto (the "Lenders"), and the Agent; (2) DDR Corp. ("DDR"), (3) Empyrean Investments, LLC ("Empyrean"); (4) GGP Limited Partnership ("GGP"); and (5) Glendon Capital Management, LP ("Glendon").

2.      The Procedures (as defined below) for the Committee's dissemination of information and compliance with the requirements set forth in Section 1102(b) of the Bankruptcy Code are hereby approved.

3.      In full satisfaction of the Committee's obligations to provide general unsecured creditors with access to information pursuant to Section 1102(b)(3)(A) and (B), the Committee shall establish and maintain the following information sharing procedures (the "Procedures"), as may be necessary and appropriate, until the earliest to occur of:  (i) dissolution of the Committee, dismissal or conversion of the above-captioned chapter 11 cases, or (ii) a further order of this Court (collectively, the "Termination Date"):

a.      Access to Information:

i.      Website: The Committee will establish and maintain, or will retain a professional to establish and maintain, a website (the "Website") that will be updated with pertinent publically-available case information as the Committee deems appropriate in its reasonable judgment, including, without limitation:

1.  a link or other form of access to the court docket and claims register available at the Debtor's website at https://cases.primeclerk.com/toyspropcoI;

2.  the posting of significant dates in these cases;

3.  an email address or link for the Debtors' unsecured creditors to submit questions, comments, and requests for access to information;

4.  links to relevant bankruptcy websites; and

3

     5.  the names and related contact information for the Debtors and the Committee and their respective counsel.

    ii.  <u>Scheduled Calls</u>.    The Committee proposes to schedule calls open to general (non-Member) unsecured creditors, insofar as deemed necessary in the discretion of the Committee, to provide updates on significant developments in the chapter 11 cases.  The Committee intends to provide a link on the Website for unsecured creditors to sign up for such update calls.    Only verified creditors holding unsecured claims against the Debtors shall be permitted to listen to or participate in such calls.

b.  <u>Non-Disclosure of Confidential Material</u>.  The Committee will have no obligation to disclose Confidential Material to any unsecured creditor that is not a Member.

c.  <u>Creditor Information Requests</u>.    Utilizing their reasonable discretion, the Committee or counsel for the Committee will respond to each written (including electronic mail) or telephonic inquiry or request for information or documents (each, an "<u>Information Request</u>") received from an unsecured creditor of the Debtors ( "<u>Requesting Creditor</u>") within 30 days of receipt.  Such response will either provide the Requesting Creditor with access to the requested information or explain why the Committee will not provide the information or documents included in the Information Request.

d.  <u>Denial of Informational Request</u>.  If the Committee determines that it is unable to provide information or documents to a Requesting Creditor, such Requesting Creditor may seek to meet and confer (a "<u>Meet and Confer</u>") with an authorized representative of the Committee or Committee counsel to discuss the denial of the

4

Information Request and resolve any potential dispute relating to the denial.  If, after the occurrence of a Meet and Confer, any dispute relating to an Information Request remains unresolved, the Requesting Creditor may file a motion seeking to compel the Committee to provide the information or documents included in the Information Request for cause.  Any such motion must be served and the hearing on such motion will be noticed and scheduled pursuant to the Bankruptcy Rules, the local rules of this Court and any applicable case management order entered in these chapter 11 cases.

e.  <u>Requesting Creditors' Compliance with Applicable Securities or Other Laws</u>.  To the extent the Committee satisfies an Information Request, the Committee will have no responsibility for any Requesting Creditor's compliance with, or liability or violation of, applicable securities or other laws.

4.  The Committee shall not provide or disclose in response to any Information Request: (i) non-public information, documents, communications and matters of whatever nature and kind disclosed to the Committee or its representatives by or on behalf of the Debtors, whether in writing or orally or in any other format, and designated or marked as confidential by the Debtors (collectively, "<u>Confidential Debtor Information</u>"); (ii) information or documents generated by the Committee, or by any of the Committee's professionals, or by any Member or counsel to any Member for the use of the Committee (collectively, "<u>Privileged Information</u>"); and (iii) communications among Members in their capacity as such and communications among Committee professionals and the Committee, including information regarding specific positions taken by Members (collectively, "<u>Confidential Communications</u>"); (iv) any information, including the Confidential Debtor Information, covered by an applicable confidentiality

5

agreement with the Committee (including its Members or professionals); (v) any other information the disclosure of which would constitute a breach or violation under any agreement or contract to which the Committee (including its Members or professionals) or the Debtors are parties, including, without limitation, any confidentiality agreement with the Debtors; (vi) any information that is subject to any protective order entered by the Court, or (vii) any other information the disclosure of which would constitute a waiver of any applicable privilege, including, without limitation, attorney-client privilege and work product privilege ((i) through (vii), collectively, "Confidential Material").[4]

5.      The Committee shall not be authorized to provide or disclose to any third party or its non-member constituents any Confidential Debtor Information.

6.      Any information received (formally or informally) by the Committee from any entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by the terms of this Order but, rather, by any order or agreement governing such discovery.

7.      If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the Debtors or the Committee believes that the information requested reasonably may impair the Debtors' business, no information will be disclosed unless the Court orders such disclosure after notice and a hearing.   The determination that a Requesting Creditor is a competitor or prospective creditor is reviewable by the Court.

---

[4]       For avoidance of doubt, Confidential Material shall not include any information or portions of information that is or becomes generally available to the public, or is or becomes available to any Member of the Committee on a non-confidential basis, but in any such case, only to the extent such information became available to the applicable parties' knowledge without violation of a contractual, legal, or fiduciary obligation to the Debtors or any of their respective affiliates or representatives of which such parties are aware.  Confidential Material shall also not include information that was, to the applicable parties' knowledge, in the possession of, obtained by, or available to the Committee on a non-confidential basis from a source which is not bound by a confidentiality agreement with the Debtors or any other contractual, fiduciary, or other legal obligation of confidentiality to the Debtors.

8.      To the extent an agreement between the Committee and the Debtors or an order of the Court provides that the Committee is required to provide or disclose Confidential Material, the Committee shall require any Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and the Committee (a "Creditor Confidentiality Agreement"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Material and represent that such trading restrictions and any information-screening process comply with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that neither the Committee nor the Debtors shall have any responsibility for any Requesting Creditor's compliance with, or liability or violation of, applicable securities or other laws.

9.      For the avoidance of doubt, the terms of this Order do not supersede the terms of any non-disclosure agreement, protective order, or any other applicable confidentiality arrangement entered into or agreed to by any relevant parties.  To the extent that the terms of this Order are inconsistent with the terms of any other agreement, stipulation, or applicable confidentiality arrangement entered into or agreed to by the applicable parties, the terms of such other arrangement shall control.

10.     Nothing herein shall preclude the Requesting Creditor from requesting (i) the Court to conduct an *in camera* review of the Information Request, or (ii) the Committee to prepare a log or other index of information the Requesting Creditor believes is responsive to the Information Request, but which the Committee believes to be Confidential Material.  In addition, nothing herein shall preclude the Committee from objecting to such requests.

11.     The Committee shall not have or incur any liability to any entity (including the Debtors) for acts taken or omitted pursuant to this Order as long as the Committee has acted in

compliance with (i) the Procedures set forth hererin, (ii) the *Order Approving Motion of Empyrean Investments, LLC and Glendon Capital Management, LP for Entry of an Order Approving Specified Information Blocking Procedures and Permitting Trading in Covered Claims of the Debtors Upon Establishment of A Screening Wall* [Docket No. 197], (iii) the *Order Approving Motion for Entry of an Order Approving Specified Information Blocking Procedures and Permitting Trading in Covered Claims of the Debtors Upon Establishment of a Screening Wall* [Docket No. 199], (iv) any by-laws adopted by the Committee, and (v) any confidentiality agreement with the Debtors.  However, the foregoing shall not preclude or curtail the right of any general unsecured creditor or any entity to move the Court for an order requiring the production of other or further information, to the extent available.

12.    None of the Debtors, the Committee or its Members and, in each case, any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity (as defined in section 101(15) of the Bankruptcy Code) (each, and including the Debtors and their affiliates, an "Entity") for any action taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Procedures, the Website and other information to be provided pursuant to Section 1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order.  Without

8

limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

13.    Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in Section 1102(b)(3) of the Bankruptcy Code.

14.    Nothing in this order shall diminish or modify the obligations of the Committee or its Members under the Committee's by-laws or any confidentiality agreement with the Debtors, which obligations shall remain in full force and effect notwithstanding any provision of this Order.

15.    The Committee will file a separate application to retain a service provider for the purposes of (i) establishing and maintaining a website on behalf of the Committee and (ii) serving as information agent for the Committee pursuant to sections 1102(b)(3)(A) and 1103(a) of the Bankruptcy Code.

16.    Upon the Termination Date, the Procedures shall terminate and all reasonable steps to effectuate such termination shall be taken, including without limitation the termination of the Website.

17.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

18.    The Committee is authorized to take all actions necessary to effectuate the relief granted in this Order.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9

19.    All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

20.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2018
Richmond, Virginia

_____
THE HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

By:

*/s/ Daniel T. Moss_____*
Daniel T. Moss (Va. Bar No. 91974)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3794
Fax: (202) 626-1700
dtmoss@jonesday.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Daniel T. Moss_____*

11