**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) | Case No. 18-31429 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ASSUMPTION OF CERTAIN UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on July 25, 2018, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") entered an order on the motion (the "Motion")[2] of the PropCo I debtors and PropCo I debtors in possession (the "Propco I Debtors"), pursuant to Sections 105(a), 363, 365, and 554 of the Bankruptcy Code and Bankruptcy Rule 6006 approving expedited procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 393] (the "Procedures Order") attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Propco I Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 2** attached hereto is hereby assumed or assumed and assigned effective as of the date

---

[1] The Propco I Debtors in these chapter 11 cases, along with the last four digits of each PropCo I Debtor's federal tax identification number, are set forth in the *Final Order (I) Directing Joint Administration of the Propco I Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 94]. The location of the Propco I Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion or in the First Day Declaration, as applicable.

(the "Assumption Date") set forth in **Exhibit 2**, or such other date as the Propco I Debtors and the counterparties to such Contracts agree.

**PLEASE TAKE FURTHER NOTICE** that, the Propco I Debtors have the financial wherewithal to meet all future obligations under the Contracts and the Propco I Debtors will provide to counterparties to any assumed unexpired leases of non-residential real property, by overnight delivery, and their counsel (if such counsel has filed a notice of appearance in these chapter 11 cases or noticing information is provided in the applicable lease), information demonstrating that the Propco I Debtors have the ability to comply with the requirements of the Bankruptcy Code with respect to adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court and is *actually received* via first class mail, email, ECF, or fax no later than 21 days after the date that the Propco I Debtors served this Notice by the following parties: (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad Husnick, P.C. and Emily Geier, and Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, Virginia 23218, Attn: Michael A. Condyles, Peter J. Barrett, and Jeremy S. Williams, co-counsel to the Propco I Debtors; (b) Benesch, Friedlander, Copland & Aronoff LLP, 200 Public Square, Suite 2300, Cleveland, Ohio 44114, Attn: Jared E. Oakes, special real estate counsel to the Propco I Debtors; (c) the Office of the United States Trustee for the Eastern District of Virginia, Attn: Robert B. Van Arsdale and Lynn A. Kohen; and (d) Jones Day, 51 Louisiana Avenue N.W., Washington, D.C. 20001, Attn: Dan T. Moss, Esq.

and J. Ryan Sims, Esq., counsel to the Official Committee of Unsecured Creditors. Only those responses that are timely filed, served, and received will be considered at the hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the Assumption Date set forth in **Exhibit 2**, or such other date as the Propco I Debtors and the counterparty or counterparties to such Contract(s) agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption or assumption and assignment of any Contract(s) is timely filed and not withdrawn or resolved, the Propco I Debtors shall file a notice for a hearing to consider the objection for such Contract(s) on not less than 14 days' notice to the applicable Contract counterparty. If such objection is overruled or withdrawn, such Contract(s) shall be assumed or assumed and assigned as of the Assumption Date set forth in **Exhibit 2** or such other date as the Propco I Debtors and the counterparty or counterparties to such Contract agree, or such other date as the Court may so order.

[*Remainder of page intentionally left blank*]

---

[3] An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

3

Richmond, Virginia
Dated: October 16, 2018

/s/ *Jeremy S. Williams*

| | |
|---|---|
| **KUTAK ROCK LLP** | **KIRKLAND & ELLIS LLP** |
| Michael A. Condyles (VA 27807) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Peter J. Barrett (VA 46179) | Edward O. Sassower, P.C. |
| Jeremy S. Williams (VA 77469) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| 901 East Byrd Street, Suite 1000 | 601 Lexington Avenue |
| Richmond, Virginia 23219-4071 | New York, New York 10022 |
| Telephone: (804) 644-1700 | Telephone: (212) 446-4800 |
| Facsimile: (804) 783-6192 | Facsimile: (212) 446-4900 |
| Email: Michael.Condyles@KutakRock.com | Email: edward.sassower@kirkland.com |
| Peter.Barrett@KutakRock.com | joshua.sussberg@kirkland.com |
| Jeremy.Williams@KutakRock.com | |

-and-

*Co-Counsel to the Propco I Debtors
and Debtors in Possession*

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:         james.sprayregen@kirkland.com
                   anup.sathy@kirkland.com
                   chad.husnick@kirkland.com
                   emily.geier@kirkland.com

*Co-Counsel to the Propco I Debtors
and Debtors in Possession*

# Exhibit 1

## Procedures Order

| | |
|---|---|
| Edward O. Sassower, P.C. | James H.M. Sprayregen, P.C. |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Anup Sathy, P.C. |
| **KIRKLAND & ELLIS LLP** | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Emily E. Geier (admitted *pro hac vice*) |
| 601 Lexington Avenue | **KIRKLAND & ELLIS LLP** |
| New York, New York 10022 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (212) 446-4800 | 300 North LaSalle |
| Facsimile: (212) 446-4900 | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| -and- | Facsimile: (312) 862-2200 |

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Co-Counsel to the Propco I Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) | Case No. 18-31429 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING AND
APPROVING PROCEDURES TO REJECT
OR ASSUME EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession

---

[1] The Propco I Debtors in these chapter 11 cases, along with the last four digits of each PropCo I Debtor's federal tax identification number, are set forth in the *Final Order (I) Directing Joint Administration of the Propco I Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 94]. The location of the Propco I Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(collectively, the "Propco I Debtors") for entry of an order (this "Order"), (a) authorizing and approving procedures for rejecting or assuming executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Propco I Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Propco I Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The following procedures (the "Rejection Procedures") are approved in connection with rejecting Contracts:

   a. ***Rejection Notice***. The Propco I Debtors shall file a notice in the form attached hereto as **Exhibit 1** (the "Rejection Notice") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to

        be rejected; (ii) the names and addresses of the counterparties to such Contracts; (iii) the effective date of the rejection for each such Contract as determined by the Propco I Debtors in the exercise of their business judgment or as agreed to by the counterparties to such Contract (the "Rejection Date"); (iv) if any such Contract is a lease, the personal property to be abandoned, if any, and if practicable an estimate of the book value of such property (the "Abandoned Property"); and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.

   b.    ***Service of Rejection Notice***.  The Propco I Debtors will cause the Rejection Notice to be served (i) by overnight delivery service upon the Contract counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known, or if counsel has made an appearance in these chapter 11 cases) and all parties who may have any interest in any Abandoned Property, and (ii) by first class mail, email, or fax upon: (a) the Office of the United States Trustee for the Eastern District of Virginia, Attn: Robert B. Van Arsdale and Lynn A. Kohen; (b) Jones Day, 51 Louisiana Avenue N.W., Washington, D.C. 20001, Attn: Dan T. Moss, Esq. and J. Ryan Sims, Esq., counsel to the Official Committee of Unsecured Creditors; (c) the prepetition administrative agent for the PropCo I Unsecured Term Loan Facility and the advisors and counsel thereto;(d) the United States Attorney's Office for the Eastern District of Virginia; (e) the office of the attorneys general for the states in which the Propco I Debtors operate; (f) the Internal Revenue Service; (s) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

   c.    ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with the Court and ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than 21 days after the date the Propco I Debtors file and serve the applicable Rejection Notice (the "Rejection Objection Deadline"): (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad Husnick, P.C. and Emily Geier, and Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, Virginia 23218, Attn: Michael A. Condyles, Peter J. Barrett, and Jeremy S. Williams, co-counsel to the Propco I Debtors; (b) the Office of the United States Trustee for the Eastern District of Virginia, Attn: Robert B. Van Arsdale and Lynn A. Kohen; and (c) Jones Day, 51 Louisiana Avenue N.W., Washington, D.C. 20001, Attn: Dan T. Moss, Esq. and J. Ryan Sims, Esq., counsel to the Official Committee of Unsecured Creditors.

3

  d. ***No Objection***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Propco I Debtors and the counterparty or counterparties to such Contract(s) agree; *provided*, *however*, that unless otherwise mutually agreed by the Propco I Debtors and the applicable Contract counterparty or counterparties, the Rejection Date for a rejection of an unexpired lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice, (ii) the date the Propco I Debtors relinquish control of the premises by notifying the affected landlord in writing of the Propco I Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, keys codes, and security codes, if any, are not available, but the landlord may rekey the leased premises, and (iii) the Rejection Objection Deadline; *provided*, *further* that the Rejection Date for a rejection of an unexpired lease of nonresidential real property shall not occur earlier than the date the Propco I Debtors filed and served the applicable Rejection Notice, unless otherwise mutually agreed by the Propco I Debtors and the applicable Contract counterparty or counterparties.

  e. ***Unresolved Objections***.  If an objection to the rejection of any Contract(s) Listed in the applicable Rejection Notice is timely filed and not withdrawn or resolved, the Propco I Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty and/or objecting party to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the later of (a) (i) the Rejection Date set forth in the Rejection Notice, (ii) if applicable the date the Propco I Debtors relinquish control of the premises by notifying the affected landlord in writing of the Propco I Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises, and (iii) the Rejection Objection Deadline, (b) such other date as the Propco I Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may so order.

  f. ***Abandoned Property***.  The Propco I Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Propco I Debtors' personal property that may be located on the Propco I Debtors' leased premises that are subject to a rejected Contract.  The Propco I Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554

4

     of the Bankruptcy Code, as is, effective as of the Rejection Date.[3] For the avoidance of doubt, any and all property located on the Propco I Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Propco I Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

   g. ***Rejection Damages***. Claims arising out of the rejection of Contracts, if any, must be filed with the Propco I Debtors' notice and claims agent on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the latest of (A) the Rejection Objection Deadline, if no objection is filed, (B) the date that all such filed objections have either been overruled or withdrawn, or (C) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

  3. The following procedures (the "Assumption Procedures") are approved in connection with assuming or assuming and assigning Contracts; *provided, however*, that the Assumption Procedures shall not apply with respect to any assignment of any unexpired nonresidential real property leases, notwithstanding anything to the contrary in the Motion or this Order; *provided further* that, notwithstanding anything herein to the contrary, the assumption of any lease of unexpired nonresidential real property shall be without prejudice to the landlord's right to assert a claim for any accrued but unbilled or not due rent and charges under such lease of nonresidential real property including adjustments, reconciliations, and indemnity obligations, the liability for which shall be assumed by the Propco I Debtors (subject to the Propco I Debtors' right to object to the validity or amount of such claim):

---

[3] If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

5

a. ***Assumption Notice***.  The Propco I Debtors shall file a notice in the form attached hereto as **Exhibit 2** (the "Assumption Notice") to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the names and addresses of the counterparties to such Contracts; (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption or assumption and assignment for each such Contract (the "Assumption Date"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract agreed to by the Propco I Debtors and the applicable Contract counterparty made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; ***provided*** that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.

b. ***Service of Assumption Notice and Evidence of Adequate Assurance***.  The Propco I Debtors will cause the Assumption Notice to be served (i) by overnight delivery service upon the Contract counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known or if counsel has made an appearance in these chapter 11 cases) and (ii) by first class mail, email, or fax upon the Service Parties.  Together with the Assumption Notice, the Propco I Debtors will provide to counterparties to any assumed unexpired leases of non-residential real property by overnight delivery and their counsel (if such counsel has filed a notice of appearance in these chapter 11 cases or noticing information is provided in the applicable lease) with information demonstrating that the Propco I Debtors have the ability to comply with the requirements of Bankruptcy Code with respect to adequate assurance of future performance.

c. ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment, as applicable, must file and serve a written objection so that such objection is filed with the Court and ***actually received*** via first class mail, email, ECF, or fax by the Objection Service Parties no later than 21 days after the date the Propco I Debtors serve the relevant Assumption Notice (the "Assumption Objection Deadline").  The rights of counterparties to unexpired leases of non-residential real property on any grounds are reserved in all respects.

d. ***No Objection***.  If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Propco I Debtors and the counterparty or counterparties to such Contract(s) agree and the proposed cure amount shall be binding on all counterparties to such

6

        Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Propco I Debtors filed and served the applicable Assumption Notice; *provided* that the Propco I Debtors shall pay the undisputed cure amount within 30 days of expiration of the Assumption Objection Deadline.

    e.    ***Unresolved Objections***.  If an objection to the assumption of any Contract(s) is timely filed and not withdrawn or resolved, the Propco I Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty to consider the objection for the Contract(s) to which such objection relates.  The Propco I Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice, such other date as the Propco I Debtors and the counterparty or counterparties to such Contract(s) agree, or such other date as the Court may so order.

4.    Notwithstanding any other provision of this Order, any Contract between multiple Propco I Debtors or between a PropCo I Debtor and an affiliate of any PropCo I Debtor will not be subject to the Assumption Procedures and the Rejection Procedures (together, the "Contract Procedures") set forth in this Order.  Any motion to assume or reject a Contract between multiple Propco I Debtors or between a PropCo I Debtor and an affiliate of any PropCo I Debtor will be filed separately from any Assumption Notice or Rejection Notice in accordance with applicable rules

5.    With regard to Contracts to be assigned, other than with respect to unexpired leases of nonresidential real property, pursuant to section 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Propco I Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent

7

to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s). For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

6. Subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and other than with respect to unexpired leases of nonresidential real property, the Propco I Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees any applicable Contract with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contract except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract; *provided, however* that any such assignment constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[4]

7. The Propco I Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness

---

[4] Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Propco I Debtors reserve the right to argue that such clauses are unenforceable anti-assignment or *ipso facto* clauses under section 365 of the Bankruptcy Code.

of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

8. Approval of the Contract Procedures and this Order does not prevent the Propco I Debtors from seeking to reject or assume a Contract by separate motion.

9. The Propco I Debtors and landlords to unexpired nonresidential real property leases are authorized to, after consultation with the Committee on a professionals' eyes only basis, enter into agreements ("Side Letters") between themselves modifying the Contract Procedures without further order of the Court and such Side Letters shall be binding among the Propco I Debtors and any such landlords; *provided*, *however*, that the Propco I Debtors shall provide counsel to the Official Committee of Unsecured Creditors on a professionals' eyes only basis with copies of such Side Letters as soon as reasonably practicable after execution; and *provided further* that no Side Letter shall alter the requirement in this Order that liens on assigned Contracts shall attach to the proceeds of any assigned Contract in the same order and priority, and no Side Letter shall limit notices to parties in interest otherwise required under the Contract Procedures. Except as set forth in this paragraph, in the event of any conflict between the Contract Procedures and any Side Letter, the terms of such Side Letter shall control.

10. The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11. The rights of counterparties to leases of nonresidential real property to assert a claim against the Propco I Debtors' estates for the costs associated with such abandonment are fully preserved, and the rights of the Propco I Debtors in connection therewith are fully preserved.

12. The Propco I Debtors shall consult with counsel to the Official Committee of Unsecured Creditors with respect to any such consideration received for an assignment of a

9

Contract under the Assumption Procedures, and shall provide such information on a professionals' eyes only basis.

13. All rights and defenses of the Propco I Debtors are preserved, including all rights and defenses of the Propco I Debtors with respect to a claim for damages arising as a result of a Contract rejection. In addition, nothing in this Order or the Motion shall limit the Propco I Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Propco I Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia

THE HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

 /s/ *Jeremy S. Williams*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:        (804) 783-6192

- and -

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Emily E. Geier  (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200

*Co-Counsel to the Propco I Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

     /s/ *Jeremy S. Williams*

## Exhibit 2

### Assumed Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
| Vestar Best in the West Property LLC<br>2425 East Camelback Road<br>Suite 750<br>Attn: President<br>Phoenix, AZ  85016 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 5674<br>2150 North Rainbow Blvd.<br>Las Vegas, NV | $0 | 10/16/2018 |
| EEC Park Place Cerritos, LLC<br>c/o Edward Chen<br>3019 Andaluccia Drive<br>West Covina, CA  91791 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 5678<br>11540 South St.<br>Cerritos, CA | $2,000 | 10/16/2018 |
| Tamarack Village Shopping Center,<br>A Limited Partnership<br>c/o Doran Management, LLC<br>7803 Glenroy Road, Suite 200<br>Bloomington, MN  55439 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 6551<br>8236 Tamarack Village<br>Woodbury, MN | $0 | 10/16/2018 |
| IVT Price Plaza Katy, LLC<br>c/o InvenTrust Property Management, LLC<br>3025 Highland Parkway, Suite 350<br>Attn: Property Manager<br>Downers Grove, IL  60515 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 9546<br>20280 Katy Freeway<br>Katy, TX | $172,000 | 10/16/2018 |
| Viking Partners Overland Pointe Marketplace, LLC<br>Accounts Receivable<br>c/o Phillips Edison & Company, Ltd. | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 9556<br>8500 W. 135th St.<br>Overland Park, KS | $31,000 | 10/16/2018 |

---

[1]  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
| 11501 Northlake Drive<br>Cincinnati, OH  45242 | | | | |
| El Dorado MP #1 LP<br>Attn Andy Weiner<br>1445 North Loop West #625<br>Houston, TX  77008 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 9588<br>18182 Gulf Freeway<br>Friendswood, TX | $16,000 | 10/16/2018 |
| David Chee<br>c/o Law Office of Peter Ronay<br>E. Colorado Professional Building<br>2234 E. Colorado Boulevard<br>Pasadena, CA  91107 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 5658<br>2600 Rockwood Ave.<br>Calexico, CA | $0 | 10/16/2018 |
| Goodrich Cicero L.L.C.<br>560 Sylvan Avenue, Suite 2100<br>Attn: Tim Gorman, Property Manager<br>Englewood Cliffs, NJ  07632 | TRU 2005 RE I, LLC - Propco I | Store Lease (Lease);<br>Store No. 6004<br>8148 S. Cicero Ave.<br>Burbank, IL | $37,000 | 10/16/2018 |
| Diajeff LLC and Alisan LLC<br>c/o Kin Properties, Inc.<br>185 NW Spanish River Boulevard<br>Suite 100<br>Boca Raton, FL  33431 | TRU 2005 RE I, LLC - Propco I | Store Lease (Lease);<br>Store No. 6319<br>599 W. Mt. Pleasant Ave.<br>Livingston, NJ | $0 | 10/16/2018 |
| Pine Tree Properties<br>C/O TG Associates<br>25 Scotch Road<br>Ewing, NJ  08628 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 6360<br>3265 Brunswick Pike<br>Lawrence Twp., NJ | $0 | 10/16/2018 |
| BRE DDR Shoppers World LLC<br>C/O DDR Corp.<br>3300 Enterprise Parkway<br>Attn: Executive Vice President - Leasing<br>Beachwood, OH  44122 | MAP Real Estate, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 7505<br>1 Worcester Rd., Unit 501<br>Framingham, MA | $0 | 10/16/2018 |
| 18601 Alderwood Mall Pky LLC<br>C/O Huntington Holdings, Inc.<br>9595 Wilshire Blvd., Suite 411 | TRU 2005 RE I, LLC - Propco I | Store Lease (Lease);<br>Store No. 8003 | $0 | 10/16/2018 |

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
| Beverly Hills, CA  90210 | | 18601 Alderwood Mall Pkwy.<br>Lynnwood, WA | | |
| Columbia Mall Partnership<br>7620 Market Street<br>P.O. Box 3287<br>Youngstown, OH  44513-3287 | TRU 2005 RE I, LLC - Propco I | Store Lease (Lease);<br>Store No. 8019<br>821 Columbia Center<br>Kennewick, WA | $0 | 10/16/2018 |
| Ashment Shopping Center<br>c/o Woodbury Corporation<br>2733 E. Parleys Way, Suite 300<br>Salt Lake City, UT  84109-1662 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 8021<br>2395 East 17th St.<br>Idaho Falls, ID | $59,000 | 10/16/2018 |
| The Cafaro NW Partnership<br>P.O. Box 2186<br>Attn: Legal Department<br>2445 Belmont Avenue<br>Youngstown, OH  44504 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 8023<br>3551-9th Street SW<br>Puyallup, WA | $0 | 10/16/2018 |
| G.P. Development Corp.<br>C/O Schnader Harrison Segal & Lewis LLP<br>1600 Market Street, Suite 3600<br>Attn: Allan B. Schneirov<br>Philadelphia, PA  19103 | MAP Real Estate, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 8309<br>2703-2817 S 3rd St.<br>Philadelphia, PA | $0 | 10/16/2018 |
| Raintree Realty LLC<br>100 Shoreline Highway B-395<br>Mill Valley, CA  94941 | TRU 2005 RE I, LLC - Propco I | Store Lease (Lease);<br>Store No. 5632<br>11136 Jefferson Blvd.<br>Culver City, CA | $0 | 10/16/2018 |
| SBAF Running Fox, Inc.<br>C/O Heitman Capital Management Inc.<br>191 N. Wacker Drive<br>Suite 2500<br>Chicago, IL  60606 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease);<br>Store No. 7514<br>85 Gosling Rd.<br>Newington, NH | $2,000 | 10/16/2018 |
| Taft Corners Associates<br>C/O J L Davis Inc.<br>2 Church Street | TRU 2005 RE I, LLC - Propco I | Store Lease (Lease);<br>Store No. 7537<br>244 Retail Way | $0 | 10/16/2018 |

8

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
| Burlington, VT  05401 | | Williston, VT | | |
| Kir Maple Grove L.P. C/O Kimco Realty Corporation 3333 New Hyde Park Road Po Box 5020 New Hyde Park, NY 11042-0020 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease); Store No. 9576 12750 Elm Creek Blvd. North Maple Grove, MN | $68,000 | 10/16/2018 |
| Kingstowne Parcel O L.P. 2900 Linden Lane Suite 300 Silver Spring, MD  20910 | TRU 2005 RE I, LLC - Propco I | Store Lease (Ground Lease); Store No. 8356 6001 Kingstowne Village Pkwy. Alexandria, VA | $0 | 10/16/2018 |

9