Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

-and-

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192

*Co-Counsel to the Propco I Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) ) ) | Case No. 18-31429 (KLP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**PROPCO I DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) APPROVING THE ASSUMPTION OF CERTAIN
REAL ESTATE ASSETS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Propco I Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1.     By this Motion, the Propco I Debtors respectfully seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) approving the assumption

---

[1]  The Propco I Debtors in these chapter 11 cases, along with the last four digits of each Propco I Debtor's federal tax identification number, are set forth in the *Final Order (I) Directing Joint Administration of the Propco I Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 94]. The location of the Propco I Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

of the unexpired lease for store number 5617 located at 8165 Fletcher Parkway, La Mesa, California (the "La Mesa Property" and such lease, the "La Mesa Lease"), including the proposed Cure Cost, and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984. The Propco I Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105, 363, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

**Background**

**I.    General Background.**

5. On September 13, 2018, after notice and a hearing, the Court entered the *Order (I) Approving the Private Sale Free and Clear of Liens, Claims, Encumbrances, and Interests and (II) Granting Related Relief* [Docket No. 520] (the "Sale Order"), which authorized the sale of the La Mesa Lease, free and clear of all liens, claims, encumbrances, and other interests (the "Sale"), to Wing Avenue Investment, LLC (the "Buyer") for $11 million. The Buyer is an affiliate of the

2

landlord under the La Mesa Lease and owns (through an affiliate) the adjoining shopping center property.

6. Recently, the Buyer notified the Propco I Debtors that it would be unable to close the Sale. The Propco I Debtors believe that the prior Sale Order functioned as an assumption of the La Mesa Lease; the operative transaction under the applicable purchase agreement was an assumption and assignment of the La Mesa Lease to an affiliate of the landlord. The transaction was structured as such at the landlord's request to preserve the La Mesa Lease and avoid a rejection or termination of the La Mesa Lease. Out of an abundance of caution, the Propco I Debtors are now seeking to expressly assume the La Mesa Lease in order to preserve value for their estates and avoid future disputes with interested parties regarding the La Mesa Lease. The Propco I Debtors reserve all rights against the Buyer with respect to the Sale, including any contractual rights and remedies they have under the purchase and sale agreement and other definitive documentation they entered into in connection with the Sale.

7. By this Motion, the Propco I Debtors seek approval to assume the La Mesa Lease. The Propco I Debtors believe that assuming the La Mesa Lease is a sound exercise of the Propco I Debtors' business judgment.

**Basis for Relief**

**I.    The Assumption of the La Mesa Lease Should Be Approved.**

8. To preserve value of the Propco I Debtors' real estate assets and avoid future disputes, the Propco I Debtors are seeking authority to assume the La Mesa Lease to the extent that the Sale Order did not previously constitute an assumption of the La Mesa Lease. Section 365 of the Bankruptcy Code authorizes a debtor to assume its executory contracts and unexpired leases, subject to the approval of the court, provided that the defaults under such contracts and leases are cured and adequate assurance of future performance is provided. The Propco I Debtors' decision

to assume or reject an executory contract or unexpired lease must only satisfy the "business judgment rule" and will not be subject to review unless such decision is clearly an unreasonable exercise of such judgment. *See, e.g., Grp. of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 318 U.S. 523 (1943) (applying Bankruptcy Act section 77(b), predecessor to Bankruptcy Code section 365, and rejecting test of whether executory contract was burdensome in favor of whether rejection is within debtor's business judgment); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989) (describing deference to a debtor's business judgment as "breathing space afforded [to] the debtor to consider whether to reject or assume executory contracts under the Code."); *In re Spirit Holding Co., Inc.*, 166 B.R. 371, 378 (Bankr. E.D. Mo. 1994) (providing that the standard for approving the assumption of an executory contract is to determine if the debtor "exercise[d] wise business judgment").

> **A.    The Assumption of the La Mesa Lease Reflects the Propco I Debtors' Reasonable Business Judgment.**

9.      The Court should approve the decision to assume the La Mesa Lease as a sound exercise of the Propco I Debtors' business judgment. Assuming the La Mesa Lease will help the Propco I Debtors preserve value for the estates following the failure of the transaction contemplated in the Sale Order to close.

10.     The Propco I Debtors believe that the La Mesa Lease is highly valuable and it is likely that value they would receive from selling the La Mesa Lease exceeds the cost of paying the obligations that will come due under the La Mesa Lease between the date hereof and the date of a potential sale. This is evidenced by the fact that the Buyer was willing to pay $11 million for the property. Accordingly, it is in the interests of the Propco I Debtors and their stakeholders that the Propco I Debtors assume the La Mesa Lease. The Propco I Debtors submit that the assumption of the La Mesa Lease should be approved as a sound exercise of their business judgment.

B.     **Defaults Under the La Mesa Lease Will Be Cured.**

11.     Upon finding that a debtor has exercised its business judgment in determining that assuming an executory contract is in the best interest of its estate, courts must then evaluate whether the assumption meets the requirements of section 365(b) of the Bankruptcy Code, specifically that a debtor (a) cure, or provide adequate assurance of promptly curing, prepetition defaults in the executory contract, (b) compensate parties for pecuniary losses arising therefrom, and (c) provide adequate assurance of future performance thereunder.  This section "attempts to strike a balance between two sometimes competing interests, the right of the contracting non-debtor to get the performance it bargained for and the right of the debtor's creditors to get the benefit of the debtor's bargain." *In re Luce Indus., Inc.*, 8 B.R. 100, 107 (Bankr. S.D.N.Y. 1980).

12.     The Propco I Debtors submit that the statutory requirements of section 365(b)(1)(A) of the Bankruptcy Code will be promptly satisfied by payment of the agreed Cure Cost listed on **Exhibit 1** to the Order.

C.     **Non-Debtor Parties Will Be Adequately Assured of Future Performance.**

13.     Similarly, the Propco I Debtors submit that the third requirement of section 365(b) of the Bankruptcy Code—adequate assurance of future performance—is also satisfied given the facts and circumstances present here.  "The phrase 'adequate assurance of future performance' adopted from section 2-609(1) of the Uniform Commercial Code, is to be given a practical, pragmatic construction based upon the facts and circumstances of each case." *In re U.L. Radio Corp.*, 19 B.R. 537, 542 (Bankr. S.D.N.Y. 1982); *see In re Alipat, Inc.*, 36 B.R. 274, 277 (Bankr. E.D. Mo. 1984).  Although no single solution will satisfy every case, "the required assurance will fall considerably short of an absolute guarantee of performance." *In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise

5

or property assigned. *See In re Bygaph, Inc.*, 56 B.R. 596, 605–06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance present where a prospective assignee has financial resources and has expressed a willingness to devote sufficient funding to a business to give it a strong likelihood of succeeding).

14. Since the Petition Date, the Propco I Debtors have been performing their monetary obligations under the La Mesa Lease. The Propco I Debtors have sufficient funds available to continue complying with their monetary obligations under the La Mesa Lease until they are able to sell and assign the La Mesa Lease. The Propco I Debtors believe that they will find a suitable assignee for the La Mesa Lease and will provide Landlord with adequate assurance of the assignee's future performance when the Propco I Debtors seek to assign the La Mesa Lease.

**II.    Relief Under Bankruptcy Rules 6004(h) and 6006(d) Is Appropriate.**

15. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of fourteen days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Additionally, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of fourteen days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d). The Propco I Debtors request that the Order be effective immediately upon its entry by providing that the fourteen-day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

16. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen-day stay period, the leading treatise on bankruptcy suggests that

6

the fourteen-day stay should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure." 10 Collier on Bankr. ¶ 6004.10 (15th rev. ed. 2006). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id*. Accordingly, the Propco I Debtors hereby request that the Court waive the 14-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

## Notice

17. The Propco I Debtors will provide notice of this Motion via first class mail and email (where available) to: (a) the Office of the United States Trustee for the Eastern District of Virginia, Attn: Robert B. Van Arsdale and Lynn A. Kohen; (b) the Official Committee of Unsecured Creditors; (c) DIP ABL Agent and the advisors and counsel thereto; (d) DIP Taj Term Loan Agent and the advisors and counsel thereto; (e) DIP Delaware Term Loan Agent and the advisors and counsel thereto; (f) the indenture trustee for the TRU Taj 12.00% Senior Notes and the advisors and counsel thereto; (g) the administrative agent for the prepetition Secured Revolving Credit Facility and the advisors and counsel thereto; (h) the administrative agent for the prepetition Secured Term Loan B Facility and the advisors and counsel thereto; (i) the prepetition administrative agent for the Propco I Unsecured Term Loan Facility and the advisors and counsel thereto; (j) the agent for the Propco II Mortgage Loan and the advisors and counsel thereto; (k) the agent for the Giraffe Junior Mezzanine Loan and the advisors and counsel thereto; (l) the administrative agent for the prepetition European and Australian Asset-Based Revolving Credit Facility ("Euro ABL") and the advisors and counsel thereto; (m) the administrative agent for the Senior Unsecured Term Loan Facility and the advisors and counsel thereto; (n) the indenture trustee for the Toys "R" Us Debtors' 7.375% Senior Notes and the advisors and counsel thereto; (o) the indenture trustee for the Toys "R" Us Debtors' 8.75% Unsecured Notes and the advisors

and counsel thereto; (p) counsel to the ad hoc group of the Term B-4 Holders; (q) counsel to the Ad Hoc Committee of Taj Noteholders;(r) the ad hoc group of lenders (the "<u>Ad Hoc Group of Propco I Lenders</u>") under that certain Credit Agreement, dated as of August 21, 2013 (the "<u>Propco I Credit Agreement</u>"); (s) Jones Day as counsel to the Committee; (t) Strategic Asset Services, LLC as a lender under the Propco I Credit Agreement; (u) Akin Gump Strauss Hauer & Feld LLP as counsel to Strategic Asset Services, LLC; (v) the Internal Revenue Service; (w) the office of the attorneys general for the states in which the Debtors operate; (x) the Securities and Exchange Commission; and (y) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").  The Propco I Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

18. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

Richmond, Virginia
Dated:   November 29, 2018

/s/ Peter J. Barrett

| | |
|---|---|
| **KUTAK ROCK LLP** | **KIRKLAND & ELLIS LLP** |
| Michael A. Condyles (VA 27807) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Peter J. Barrett (VA 46179) | Edward O. Sassower, P.C. |
| Jeremy S. Williams (VA 77469) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| 901 East Byrd Street, Suite 1000 | Emily E. Geier (admitted *pro hac vice*) |
| Richmond, Virginia 23219-4071 | 601 Lexington Avenue |
| Telephone:   (804) 644-1700 | New York, New York 10022 |
| Facsimile:   (804) 783-6192 | Telephone:   (212) 446-4800 |
| Email:   Michael.Condyles@KutakRock.com | Facsimile:   (212) 446-4900 |
|          Peter.Barrett@KutakRock.com | Email:   edward.sassower@kirkland.com |
|          Jeremy.Williams@KutakRock.com |          joshua.sussberg@kirkland.com |
| |          emily.geier@kirkland.com |
| *Co-Counsel to the Propco I Debtors* | -and- |
| *and Debtors in Possession* | |
| | James H.M. Sprayregen, P.C. |
| | Anup Sathy, P.C. |
| | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| | 300 North LaSalle |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |
| | Email:   james.sprayregen@kirkland.com |
| |          anup.sathy@kirkland.com |
| |          chad.husnick@kirkland.com |
| | |
| | *Co-Counsel to the Propco I Debtors* |
| | *and Debtors in Possession* |

# Exhibit A

**Proposed Order**

10

| | |
|---|---|
| Edward O. Sassower, P.C. | James H.M. Sprayregen, P.C. |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Anup Sathy, P.C. |
| Emily E. Geier (admitted *pro hac vice*) | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:     (212) 446-4800 | Telephone:     (312) 862-2000 |
| Facsimile:      (212) 446-4900 | Facsimile:      (312) 862-2200 |

-and-

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) | Case No. 18-31429 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) APPROVING THE ASSUMPTION OF CERTAIN
REAL ESTATE ASSETS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (the "Propco I Debtors") for the entry of an order (this "Order"): (a) approving the assumption of the unexpired lease for store number 5617 located at 8165 Fletcher Parkway, La Mesa, California  (the "La Mesa Property" and such leases, the "La Mesa Lease"),

---

[1] The Propco I Debtors in these chapter 11 cases, along with the last four digits of each PropCo I Debtor's federal tax identification number, are set forth in the *Final Order (I) Directing Joint Administration of the Propco I Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 94].  The location of the Propco I Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

11

including the proposed Cure Cost and (b) granting related relief, all as more fully described in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Propco I Debtors provided due and proper notice that is adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion and any objections or other responses to the relief requested therein (the "Hearing"); and upon consideration of the record of the Hearing, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Propco I Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections or other responses to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. Any responses or objections to, unless otherwise adjourned, or reservations of rights regarding, the entry of this Order or the relief granted herein or requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice. All persons and entities, that failed to timely object, or withdrew their objections, to the Motion or this Order are deemed to consent to the relief granted herein for all purposes, including pursuant to section 365(c)(1)(B) of the Bankruptcy Code.

3. Assumption of the La Mesa Lease listed on **Exhibit 1** attached hereto is hereby approved.

4. The Propco I Debtors have met all requirements of sections 365(b) and 365(f) of the Bankruptcy Code in connection with the assumption of the La Mesa Lease. The La Mesa Lease is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.

5. Pursuant to sections 363(b)(1) and 365(a) of the Bankruptcy Code, the Propco I Debtors are hereby authorized to assume the La Mesa Lease.

6. The Propco I Debtors are hereby authorized to take such actions as are reasonably necessary to implement and effectuate the terms of this Order and the assumption of the La Mesa Lease.

7. The assumption and assignment of the La Mesa Lease shall be deemed to have occurred on the date hereof, or such other date as the Propco I Debtors and the landlords may agree.

8. The Propco I Debtors have provided adequate assurance of their respective future performance under the Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3), and 365(f)(2)(B) of the Bankruptcy Code.

9. As to the La Mesa Lease, the Cure Cost listed on the Assumption Schedule attached hereto as **Exhibit 1** hereto (and specifically noted therein as "resolved"), is fixed in the sums as set forth in the Assumption Schedule and shall be paid to Landlord no later than five (5) business days following the date hereof (the "Assumption Date"). Upon satisfaction of the Cure Cost, Landlord shall be barred from asserting any additional cure amounts or other claims with respect to its lease that arose, accrued, or came due on or before the Assumption Date. Notwithstanding the foregoing, the Propco I Debtors shall remain responsible for any obligations

13

to pay year end adjustment and reconciliation, percentage rent amounts, and any other obligations referenced in the La Mesa Lease and not otherwise explicitly modified by this Order when billed that are attributable to any period prior to the Assumption Date, but were not yet due or billed as of the Assumption Date to be included in the Cure Cost.

10. The Propco I Debtors reserve all rights against the Buyer with respect to to the Sale and all definitive documentation related to the Sale.

11. The Propco I Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

13. To the extent any of the deadlines set forth in this Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Order shall govern.

14. Notwithstanding the possible applicability of Bankruptcy Rules 4001, 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018  
Richmond, Virginia

_____  
THE HONORABLE KEITH L. PHILLIPS  
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

 /s/ Peter J. Barrett

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:        (804) 783-6192

- and -

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier  (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200

*Co-Counsel to the Propco I Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

   /s/ Peter J. Barrett

## Exhibit 1

### Assumption Schedule

| Store No. | Address | City | Cure Cost |
|---|---|---|---|
| 5617 | 8165 Fletcher Parkway | La Mesa, CA | $0 |