Case 18-31429-KLP    Doc 1163    Filed 02/05/19    Entered 02/05/19 10:40:18    Desc Main
                                 Document      Page 1 of 7

| | |
|---|---|
| Edward O. Sassower, P.C. | James H.M. Sprayregen, P.C. |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Anup Sathy, P.C. |
| Emily E. Geier (admitted *pro hac vice*) | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:     (212) 446-4800 | Telephone:     (312) 862-2000 |
| Facsimile:     (212) 446-4900 | Facsimile:     (312) 862-2200 |

-and-

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Co-Counsel to the Propco I Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US PROPERTY COMPANY I, LLC, *et al.*[1] | ) | Case No. 18-31429 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) APPROVING THE ASSUMPTION
## NOTICES AND (II) GRANTING RELATED RELIEF

Upon consideration of the reply (the "Reply") and the supplemental reply (the "Supplemental Reply") of the above captioned debtors and debtors in possession (the "Propco I Debtors") in Support of the Propco I Debtors' Notice of Assumption of Certain

---

[1] The Propco I Debtors in these chapter 11 cases, along with the last four digits of each Propco I Debtor's federal tax identification number, are set forth in the *Final Order (I) Directing Joint Administration of the Propco I Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 94]. The location of the Propco I Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

Unexpired Leases and the Supplemental Notice of Assumption of Certain Unexpired Leases[2] and for the entry of an order (this "Order"): (a) approving the assumption of certain leases designated in the Assumption Notices (such leases, the "Assumed Leases") and (b) granting related relief, including permission to continue to perform all obligations set forth under the Assumed Leases in the ordinary course, all as more fully described in the Assumption Notices and the Reply; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Propco I Debtors provided due and proper notice that is adequate and appropriate under the particular circumstances; and the Court having found and determined that the relief sought in the Assumption Notices is in the best interests of the Propco I Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Assumption Notices establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND THAT**:

    A.    The Propco I Debtors have articulated good and sufficient reason for this Court to grant the relief requested in the Assumption Notices, specifically, without limitation, assumption of the Assumed Leases and continued performance thereunder in the ordinary course.

---

[2] The Propco I Debtors filed the Notice of Assumption of Certain Unexpired Leases [Docket No. 648] (the "Assumption Notice") and the Supplemental Notice of Assumption of Certain Unexpired Leases [Docket No. 661] (the "Supplemental Assumption Notice" and, together with the Assumption Notice, the "Assumption Notices") on October 16, 2018 in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 393] (the "Procedures Order"). Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Reply, the Supplemental Reply, the Objections, and the Assumption Notices, as applicable.

B.    Any nonmonetary default under Section 7.01(2) of the Kingstowne Lease, which is an unexpired lease of nonresidential real property, is incurable within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, because Toys "R" Us - Delaware, Inc., the "Tenant" referenced in the Kingstowne Lease, no longer exists.

C.    Section 7.01(2) of the Kingstowne Lease is an unenforceable anti-assignment clause.

D.    Under the facts and circumstances of these cases, assumption of the Assumed Leases is a valid exercise of the Propco I Debtors' business judgment, and now, therefore, it is hereby **ORDERED THAT**:

1.    Upon entry of this Order, the Propco I Debtors shall be authorized and deemed to assume the Kin Lease, the Kingstowne Lease, and the Tamarack Lease as of October 16, 2018.

1.    For the avoidance of doubt, the Propco I Debtors' assumption of all Assumed Leases not addressed in the Reply was proper and authorized, and all such Assumed Leases are deemed assumed as of October 16, 2018.

2.    All unresolved cure objections are reserved.

3.    Cure of any nonmonetary default under section 7.01(2) of the Kingstowne Lease is hereby excused pursuant to section 365(b)(1)(A) of the Bankruptcy Code.

4.    Section 7.01(2) of the Kingstowne Lease is hereby deemed an invalid anti-assignment clause pursuant to section 365(f) of the Bankruptcy Code and shall be given no effect with respect to any assignment of the Kingstowne Lease under section 365 of the Bankruptcy Code.

5. Kin's rights to object to the future assignment of the Kin Lease on adequate assurance grounds as set forth in the Kin Objection are preserved, as are any and all rights and defenses possessed by the Propco I Debtors.

6. The Propco I Debtors' rights to dispute the Alderwood Objection on any grounds, to assert any related defenses, and to pursue the relief sought in the Lynnwood Sale Motion are reserved.

7. The Propco I Debtors are hereby authorized and directed to take such actions as are reasonably necessary to implement and effectuate the terms of this Order, including honoring the Propco I Debtors' obligations under the Assumed Leases in the ordinary course.

8. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

9. To the extent this Order is inconsistent with any prior order or pleading with respect to the Assumption Notices in these cases, the terms of this Order shall govern.

10. To the extent any of the deadlines set forth in this Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Order shall govern.

11. Notwithstanding the possible applicability of Bankruptcy Rules 4001, 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Feb 5 2019

Dated: _____

Richmond, Virginia

/s/ Keith L. Phillips

_____

THE HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:2/5/19

WE ASK FOR THIS:

 /s/ *Jeremy S. Williams*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:         (804) 644-1700
Facsimile:          (804) 783-6192

- and -

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:         (212) 446-4800
Facsimile:          (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Emily E. Geier  (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:         (312) 862-2000
Facsimile:          (312) 862-2200

*Co-Counsel to the Propco I Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

     /s/ *Jeremy S. Williams*

SEEN AND OBJECTED TO FOR THE REASONS STATED ON THE RECORD:

 /s/ *Stephen Nichols*

Stephen Nichols (VA 32443)
4800 Montgomery Lane
9th Floor
Bethesda, MD 20814
Telephone:        (240) 507-1700
Facsimile:         (240) 507-1735
E-mail:              snichols@offitkurman.com

*Attorneys for Kingstowne Parcel O L.P.*